```
             IN THE UNITED STATES DISTRICT COURT
              FOR THE SOUTHERN DISTRICT OF TEXAS
                    CORPUS CHRISTI DIVISION

MARIA G. PENA,                    §
                                  §
      Plaintiff,                  §
                                  §  C.A. No. 07-179
v.                                §
                                  §
MARINER HEALTH CARE, INC.,        §
                                  §
      Defendant.                  §
```

**ORDER**

On July 17, 2007, the Court held a telephone conference in the above-styled action. At that conference, the Court ORDERED as follows:

Respondent SavaSeniorCare Administrative Services, LLC's (hereinafter, "SavaSeniorCare") oral motion for protection from Plaintiff Maria Pena's "First Interrogatories" and "First Request for Production of Documents and Electronically Stored Information" is hereby GRANTED. The Court ORDERS that SavaSeniorCare does not have to file any response to the above-referenced discovery propounded by Plaintiff Maria Pena.

The Court notes that Ms. Pena directs her discovery to several "Respondent[s]", including the following:

> Retama Manor Alice; Mariner Health Care, Inc.; each of [Mariner Health Care, Inc.'s] affiliates that has managed Retama Manor Alice during the applicable time period; the employees and agents of each of the aforementioned affiliates during the applicable time period; and each of the affiliates that has used the form 'Mariner Admission and Financial Agreement - Texas Last Revised September: 2002' or a form with the same or similar late payment provision during the applicable time period.'

Movant's First Request for Production and Movant's First Interrogatories, ¶ B.  Plaintiff requests that "each respondent" answer the various discovery requests propounded by Plaintiff. (Id., p. 1).  However, Plaintiff may not seek discovery responses from these various "respondent[s]," because <u>Plaintiff has only named one Defendant in this case: Mariner Health Care, Inc.</u> (hereinafter, "Mariner").  Moreover, <u>Plaintiff has not even served that Defendant</u>, Plaintiff has only served SavaSeniorCare, who is proceeding in this case as a "Respondent" but not a named Defendant.  Now Plaintiff attempts to propound discovery to SavaSeniorCare that asks various others to respond to Plaintiff's discovery requests, even though those other entities are not named in the litigation.  Plaintiff may not attempt to seek such discovery.  If Plaintiff wishes to propound discovery to SavaSeniorCare, Plaintiff must seek discovery responses <u>only from SavaSeniorCare</u>, not from various other entities that Plaintiff has not named or served in this case.[1]

---

[1] At the hearing before the Court on July 17, 2007, Plaintiff Maria Pena's counsel indicated that Plaintiff believes there are "several" proper Defendants in this case, including operating companies, managing companies, and the agents of these operating and managing companies.  ***However, Plaintiff has not sued (or served) any of these entities.***  If and until these entities are sued and served, they are not currently in this litigation.  For some reason Plaintiff appears to be under the impression that she may proceed in litigation against entities that have not been sued or served in this case.  This is an erroneous assumption.  Unless Plaintiff names as Defendants and then serves the various entities she considers to be "proper Defendants" in this case, Plaintiff may not proceed against these entities or otherwise act as if they are parties to the litigation.

Further, the Court notes that Plaintiff Maria Pena seeks discovery regarding a putative class action claim she wishes to bring against named Defendant Mariner.[2]  However, as of the present time, Ms. Pena has not actually filed a valid class action claim against Mariner.  All that is presently before this Court is Ms. Pena's "Application for Arbitration of Claims," where Ms. Pena includes a paragraph alleging, "individually and on behalf of all others similarly situated" that an admission agreement she entered into is unconscionable, unenforceable and therefore void. (Application for Arbitration, ¶ 6).  The Court notes that this is not a valid, pending class claim against Mariner.  However, in accordance with the Court's June 15, 2007 Order (D.E. 16), the Court will allow Ms. Pena to proceed with discovery so as to determine whether such a class claim could be viable.  Such discovery is for the limited purpose of determining whether Plaintiff may assert a valid class claim regarding the above-referenced admission agreement.

As noted throughout this Order, there is a pervasive problem in the above-styled action in that Ms. Pena purports to proceed against Mariner, but she has only served SavaSeniorCare in this case.  ***To clarify this litigation, Ms. Pena has until Friday, July 27, 2007, at 3:00 PM, to either (1) serve the named Defendant Mariner Health Care, Inc.; or (2) file an amended pleading changing***

---

[2]Again, even though Mariner is the named Defendant, Ms. Pena has not served Mariner, and is for some reason proceeding against SavaSeniorCare.

***the named Defendant in this case from Mariner to SavaSeniorCare.***[3]

Ms. Pena cannot continue to proceed against SavaSeniorCare while not naming SavaSeniorCare as a Defendant in this case, nor can Ms. Pena proceed against Mariner without serving Mariner with service of process in this matter.  For some reason Ms. Pena appears to be under the impression that she can litigate against entities without naming and serving them, and this Order clarifies that Ms. Pena may not continue this practice in the above-styled action.

SIGNED and ENTERED this 18th day of July, 2007.

_____
Janis Graham Jack
United States District Judge

---

[3]If Ms. Pena chooses the first option and successfully serves Mariner by July 27, 2007 at 3:00 PM, then Ms. Pena must file a proof of service with the Court indicating that such service has been achieved.  This proof of service must be filed with the Court no later than Monday, July 30, 2007 at 3:00 PM.